UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SIONE MISA NGALUMAA TAUMOHAAPAI (A# 205-788-990),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondent. | No.  1:26-cv-04546 TLN SCR<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.      Factual and Procedural History**

Petitioner is a native of Tonga who entered the United States as a nonimmigrant B2 visitor for pleasure with authorization to remain for a temporary period not to exceeded June 23, 1995. ECF No. 7-1 at 1-2 (Form I-213).  Petitioner remained in the United States beyond June 23, 1995, without authorization.  Id. at 2.  Immigration officials previously initiated removal proceedings against Petitioner on December 18, 2014, but an immigration judge ("IJ") terminated those proceedings on January 13, 2022.  Id.  On April 9, 2026, immigration authorities re-detained Petitioner and issued him a Notice to Appear ("NTA"), charging him as deportable under 8

1

U.S.C. § 1227(a)(1)(B) (revoked immigrant visa).  ECF No. 7-2.  He is currently detained in the California City Detention Facility within this judicial district.  ECF No. 1 at 1.

Petitioner filed the instant § 2241 petition on June 12, 2026, alleging that he is detained without access to a bond hearing or "meaningful opportunity to challenge custody" in violation of the Due Process Clause of the Fifth Amendment.  ECF No. 1 at 6-7.  By way of relief, Petitioner requests a declaration that his detention is unlawful and a temporary restraining order of release pending resolution of the petition.  Id. at 7.  Respondent filed a motion to dismiss the petition for failure to exhaust administrative remedies.  ECF No. 7.  Respondents acknowledge that Petitioner is a § 1227(a)(1)(B) visa overstay detained pursuant to 8 U.S.C. § 1226(a) but states "there is no record of Petitioner having requested a bond hearing."  Id. at 3, n.2.

**II.      Legal Standards**

**A. Statutory Standard**

The Supreme Court described the detention statute at issue in this case, 8 U.S.C. § 1226, in Jennings v. Rodriguez, 583 U.S. 281 (2018):

> Even once inside the United States, [noncitizens] do not have an absolute right to remain here. For example, a [noncitizen] present in the country may still be removed if he or she falls "within one or more ... classes of deportable [noncitizens]." [8 U.S.C.] § 1227(a). That includes [noncitizens] who were inadmissible at the time of entry or who have been convicted of certain criminal offenses since admission. See §§ 1227(a)(1), (2).
>
> Section 1226 generally governs the process of arresting and detaining that group of [non-citizens] pending their removal . . . Section 1226(a) sets out the default rule:  The Attorney General may issue a warrant for the arrest and detention of [a non-citizen] 'pending a decision on whether the [non-citizen] is to be removed from the United States.' § 1226(a). 'Except as provided in subsection (c) of this section,' the Attorney General 'may release' [a non-citizen] detained under § 1226(a) 'on ...bond' or 'conditional parole.'

Jennings, 583 U.S. at 288.[1]

---

[1]  The undersigned changed "alien" to "non-citizen" in these passages.  This has become commonplace among jurists at the Supreme Court and Ninth Circuit in recent years.  See Patel v. Garland, 596 U.S. 328 (2022) (Barrett, J.); United States v. Palomar-Santiago, 593 U.S. 321 (2021) (Sotomayor, J.); Barton v. Barr, 590 U.S. 222, 226 n.2, (2020) (Kavanaugh, J.) ("This

2

"When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination. The [noncitizen] will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding.'" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)). If a noncitizen wishes to contest the Attorney General's initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an IJ "any time before an order [of removal] becomes final." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). After a custody redetermination hearing, "an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances." Rodriguez Diaz, 53 F.4th at 1197 (citing 8 C.F.R. § 1003.19(e)).

### B. Exhaustion

"The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011)). Courts may require exhaustion as a prudential matter when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (quoting Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003)). "If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused. Hernandez, 872 F.3d at 988 (citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)). The exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the

---

opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" (citing 8 U.S.C. § 1101(a)(3))); Avilez v. Garland, 69 F.4th 525 (9th Cir. 2023); Arce v. United States, 899 F.3d 796 (9th Cir. 2018).

3

administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004).

### III.   Discussion

The undersigned recommends that the action be dismissed for failure to exhaust administrative remedies. Petitioner's NTA issued on April 9, 2026, at the start of his current detention, charges him as deportable under 8 U.S.C. § 1227(a)(1)(B). It is undisputed that as a noncitizen charged as deportable under 8 U.S.C. 1227(a)(1)(B), Petitioner is subject to detention under 8 U.S.C. § 1226(a) and entitled to request an initial custody redetermination hearing before an IJ pursuant to 8 C.F.R. § 1236.1(d). Jennings, 583 U.S. at 288. Although Petitioner claims he has been denied meaningful opportunity to challenge his custody, he does not allege that he has requested a hearing or that the request has been denied. Respondent represents that there is no record of any such request.

Nor is this a case where the government's prior representations of mandatory detention under § 1225(b)(2) or any other mandatory detention statute may render exhaustion futile or equitably estop Respondents from making assertions about Petitioner's failure to use § 1226(a)'s procedures. The NTA initiating Petitioner's detention administratively charges him under § 1227(a)(1)(B), thereby indicating that § 1226(a)'s procedures have been available from the start.[2]

Accordingly, the undersigned recommends that Respondent's motion to dismiss be granted. See Hernandez, 872 F.3d at 988. Petitioner is advised to request a custody redetermination before an IJ pursuant to § 1226(a) and its implementing regulations. The denial of this petition is without prejudice to refiling should the government deny Petitioner's request for a bond hearing.

////

////

---

[2] By virtue of Petitioner's § 1227(a)(1)(B) charge, the current administration's expansive interpretation of "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) is not implicated in this case. See Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 219 (BIA 2025) (stating the detention of noncitizens deportable under § 1227(a) is governed by § 1226(a)) (citing Jennings, 583 U.S. at 288).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.    Respondent's motion to dismiss (ECF No. 7) be GRANTED; and

2.    Petitioner's application for habeas corpus be dismissed without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 1, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE