UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIONE MISA N.T.,[1]<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFOIRNIA CITY CORRECTIONAL CENTER, et al.,<br><br>Respondents. | No. 1:26-cv-04546-TLN-SCR<br><br>A# 205-788-990<br><br>**RELEASE ORDER** |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

A. Magistrate Judge's Findings and Recommendations

On July 1, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 8.) Neither party filed objections to the findings and recommendations.

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

The Court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

The magistrate judge did not reach the merits of the Petition, rather he recommended the action be dismissed for failure to exhaust administrative remedies and advised Petitioner to request a custody redetermination hearing. (ECF No. 8 at 3–5.) However, this Court consistently holds that prudential exhaustion is not required in circumstances similar to Petitioner's, particularly as Petitioner was never provided a Form I-286 initial custody determination, the primary mechanism to seek administrative relief. *See Rene Leonel G.O. v. Warden Cal. City Det. Facility*, No. 2:26-CV-00733-TLN-SCR, 2026 WL 1219698, at *2 (E.D. Cal. May 5, 2026). The Court herein incorporates its analysis and reasoning from *Rene Leonel G.O. v. Warden*. *Id.*

Respondents concede there is no record of a Form I-286 (initial custody determination) in Petitioner's file (ECF No. 12), therefore, the Court reasonably infers, without any further explanation from Respondents, that Petitioner did not receive an initial custody determination. Respondents own argument as to prudential exhaustion is predicated on the existence of an initial custody determination, which precedes and enables a noncitizen to seek administrative remedies: "*After the initial custody determination*, the noncitizen may request a bond redetermination by an immigration judge." (ECF No. 7 at 3 (emphasis added).) Respondents' failure to follow its statutory and regulatory obligations to provide Petitioner an initial custody determination is part and parcel of Petitioner's procedural due process claim and the Court will not dismiss the Petition on exhaustion grounds where seeking administrative remedies is futile or further irreparable injury will result. *See S.E.C. v. G. C. George Sec., Inc.*, 637 F.2d 685, 688 n.4 (9th Cir. 1981); *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1253 (W.D. Wash. 2025).

Therefore, the Court proceeds to determine the merits of this case.

B. <u>Fifth Amendment Due Process Claim</u>

Petitioner alleges he has been detained without access to a bond hearing or "meaningful opportunity to challenge custody" in violation of the Due Process Clause of the Fifth Amendment. (ECF No. 1 at 6–7.) Indeed, Petitioner has not received a custody hearing in over

seven months of detention. (ECF No. 12.) It is undisputed that Petitioner's detention is governed by 8 U.S.C. § 1226(a). (ECF No. 8; ECF No. 12.)

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas,* 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

*i. Liberty Interest*

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). An individual's liberty interest may be strengthened over time. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025).

The Court finds Petitioner possesses a protected liberty interest and he was denied the process necessary to ensure any deprivation of that interest accords with the Constitution. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The record in this case establishes that Petitioner developed a clear interest in his continued freedom protected by the Due Process Clause during the 30 years he lived freely in this country prior to his recent detention. Even if he is subject to removal or his freedom could be revoked by statute, that interest is still protected by the Due

Process Clause. *See Hernandez v. Sessions*, 872 F.3d 976, 997 (9th Cir. 2017); *Zadvydas*, 533 U.S. at 693.

*ii. Procedures Required*

Upon consideration of the three factors set forth in *Mathews v. Eldridge*, the Court finds Petitioner was owed, at a minimum, notice and a hearing before a neutral decisionmaker to determine whether his detention was justified. 424 U.S. 319, 335 (1976); *see Julio Fernando R.P. v. Andrews*, No. 1:26-CV-05547-TLN-CSK, 2026 WL 2137758, at *2 (E.D. Cal. July 24, 2026) (analyzing the *Mathews* factors and finding similarly). To determine the process owed to Petitioner, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by Respondents' actions detaining him. Despite his interest in maintaining his liberty, Petitioner has now been detained for seven months, separated from his community and family. Accordingly, Petitioner's private interest has been impacted by his detention. *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD, 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation is considerable given Petitioner has not received any hearing, either pre- or post-detention, and Respondents have failed to comply with statutory safeguards under 8 U.S.C. § 1226(a). Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest in order for detention to comport with due process. *Zadvydas*, 533 U.S. at 690. Respondents do not contend that Petitioner is a danger or a flight risk. (*See* ECF No. 7.) *See Hernandez*, 872 F.3d at 994. Moreover, Respondent failed to comply with notice and hearing requirements under § 1226(a). There is no evidence of an initial custody determination. *See Zurita Navarro* v.

*Warden Ctrl. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (enumerating procedural violations of § 1226(a), including "failure to provide the petitioner with an initial custody determination either prior to or contemporaneously with detention," and collecting cases). Additionally, Respondents concede § 1226(a) entitles Petitioner to a custody hearing, but they have not provided such a hearing in over seven months of detention. (ECF No. 12.) Consequently, Petitioner has been deprived of the procedural safeguards statutorily required. Thus, the probative value of additional procedural safeguards is high. *R.D.T.M.*, 2025 WL 2617255, at *4.

Third, and finally, the government's interest in detaining Petitioner without any hearing is nil, and the effort and cost required to provide Petitioner with procedural safeguards are minimal. *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Notice and custody determination hearings are routine processes for Respondents and are indeed the very processes required under § 1226(a). The government has no interest in detaining persons in violation of their own statutes. Moreover, any burden associated with the provision of these processes does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation, nor do Respondents make any argument as to burden.

Under the *Mathews* factors, Respondents were required to provide notice and a hearing. Respondents have not provided Petitioner with any custody hearing in seven months of detention. Petitioner has thus been deprived of an opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (citing *Grannis v. Ordean*, 234 U.S. 385, 394 (1914))). Therefore, Respondents violated the Fifth Amendment and Petitioner's procedural due process rights.

Accordingly, IT IS HEREBY ORDERED:

1. The magistrate judge's findings and recommendations (ECF No. 8) are ADOPTED IN PART as to findings of fact only.

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is hereby GRANTED.

3. Respondents must IMMEDIATELY RELEASE Petitioner Sione Misa N.T. (A# 205-788-990) from custody on an order of release on recognizance. At the time of release,

Respondents must return all of Petitioner's documents and possessions. Respondents shall file a **notice of compliance** with this provision **within two (2) court days of the date of this Order**.

4. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present. In the event Petitioner becomes subject to a final and executable order of removal, Respondents shall provide a minimum of ten-days' written notice of their intent to detain Petitioner for removal prior to detention. Such notice shall not be issued until the removal order becomes final and executable in accordance with 8 U.S.C. § 1231 and 8 C.F.R. § 1241.1.

5. Petitioner's Motion to Appoint Counsel (ECF No. 10) is DENIED as moot.

6. Respondents' Motion to Dismiss (ECF No. 7) is DENIED.

7. The Clerk of the Court shall serve this Order on **California City Detention Center**, enter judgment in favor of Petitioner, and close this case.

IT IS SO ORDERED.

DATED: November 10, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE